IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EARL DEARMON, JR.,

    Plaintiff,                 No. 2:09-cv-0423 MCE JFM PS

    vs.

DAVE PAULSON, DISTRICT
ATTORNEYS OFFICE,

    Defendants.            ORDER OF DISMISSAL[1]
_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

---

[1] On February 23, 2009, plaintiff filed a consent to the jurisdiction of the undersigned, pursuant to 28 U.S.C. § 636(c). (Docket No. 4.)

1

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the instant complaint, plaintiff names Dave Paulson, a Solano County District Attorney, and the Solano County District Attorney's Office as defendants.

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.

/////

1    The cases finding absolute prosecutorial immunity cover a broad range of
2 activities. A prosecutor is entitled to absolute immunity for initiating a prosecution and
3 presenting the state's case. <u>Imbler</u>, 424 U.S. at 431. Likewise, a prosecutor is entitled to absolute
4 immunity for the decision not to prosecute. <u>Roe v. City and County of San Francisco</u>, 109 F.3d
5 578, 583 (9th Cir.1997) ("The decision to charge a defendant with a crime may well be the most
6 critical determination in the entire prosecutorial process . . . [therefore] [t]here can be no question
7 that the nature of the decision not to prosecute is intimately associated with the judicial phase of
8 the criminal process.") (internal citations omitted). In <u>Imbler</u>, the seminal case on prosecutorial
9 immunity, the Supreme Court held that a prosecutor was entitled to absolute immunity despite
10 plaintiff's allegations that the prosecutor had, among other things, "prosecuted him with
11 knowledge of a lie detector test that had 'cleared' [plaintiff]." <u>Imbler</u>, 424 U.S. at 416. The Ninth
12 Circuit has interpreted <u>Imbler</u> to support absolute prosecutorial immunity even when a plaintiff
13 alleges that the prosecutor went forward with a prosecution he believed not to be supported by
14 probable cause. <u>Milstein v. Cooley</u>, 257 F.3d 1004, 1009 n.3 (discussing <u>Imbler</u>, 424 U.S. at
15 416, 431). <u>See also</u> <u>Broam v. Bogan</u>, 320 F.3d 1023, 1030 (9th Cir. 2003) (although a
16 prosecutor's decision not to turn over exculpatory material before, during, or after conviction is a
17 violation of due process, it is an exercise of prosecutorial function and entitles the prosecutor to
18 absolute immunity from a civil suit for damages). Thus, even charges of malicious prosecution,
19 falsification of evidence, coercion of perjured testimony and concealment of exculpatory
20 evidence will be dismissed on grounds of prosecutorial immunity. <u>See</u> <u>Stevens v. Rifkin</u>, 608
21 F.Supp. 710, 728 (N.D. Cal. 1984).
22    Because defendants are entitled to immunity for the actions alleged in the
23 complaint, the court must dismiss this action without leave to amend. The court notes plaintiff
24 may have a civil rights action against the officers he alleges used excessive force against him.
25 However, plaintiff has a civil rights action pending against certain officers for excessive force.
26

Case No. 2:08-cv-2834 MCE KJM PS.[2] Accordingly, the court will not construe the instant filing as an excessive force complaint against those unnamed officers.

On February 25, 2009, plaintiff filed a motion for production of documents. However, in light of the above, plaintiff's motion will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.
2. Plaintiff's February 25, 2009 motion is denied without prejudice.
3. This action is dismissed without prejudice.

DATED: March 4, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; dearmon.fr

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).